**Filed 8/8/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 95-1544 |
| v. | (D. Colorado) |
| JAMES GRANDGEORGE, | (D.C. No. 95-Z-1660) |
| Defendant - Appellant. | |

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Grandgeorge appeals the district court's dismissal of his in forma pauperis pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that: 1) he received ineffective assistance of counsel; 2) the government violated its obligation to disclose under Brady v. Maryland, 373 U.S. 83 (1963); 3) the district court erred in calculating restitution and in considering his ability to pay; 4) the district court erred in calculating loss; 5) the district court erred in failing to instruct the jury on the materiality of the false statements charged under 18 U.S.C. § 1010; and 6) the district court violated Fed. R. Crim. P. 32(c)(3)(A) and 32(c)(3)(D). We vacate and remand.

On December 31, 1991, Grandgeorge and a codefendant were convicted of mail fraud, wire fraud, and making false statements in connection with a complex real estate fraud. His sentence was imposed on February 10, 1992. On appeal, we affirmed his conviction and sentence in an unpublished order and judgment. United States v. Austin, Nos. 92-1046 & 92-1047, 1992 WL 738548 (10th Cir. 1992).

On June 30, 1995, Grandgeorge filed this action pursuant to 28 U.S.C. § 2255. The district court found that the issues raised in Grandgeorge's § 2255 motion were or could have been raised on appeal, and therefore summarily dismissed his motion under Rules Governing Section 2255 Proceedings, Rule 4(b). The district court's conclusion that Grandgeorge was procedurally barred from bringing an ineffective assistance of counsel claim is incorrect under United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir.

1995) (en banc). Moreover, the procedural bar does not apply to issues respecting which a defendant can show cause and prejudice, and a petitioner alleging ineffectiveness of counsel may show cause by establishing ineffectiveness. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

We emphasize that we express no view on the merits of Grandgeorge's claim, or the necessity of an evidentiary hearing. We VACATE and REMAND to give the district court an opportunity to consider the ineffective assistance of counsel claim on the merits. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge